# Exhibit A

FILED: QUEENS COUNTY CLERK 04/07/2016 12:04 PM    INDEX NO. 704139/2016
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 04/07/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                Plaintiffs,

         - against -

POWERMATIC,

                Defendant.

-----------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is:
Plaintiffs' residence

Plaintiffs reside at:
32-42 204th Street
Bayside, New York 11361

County of QUEENS

## To the above named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Garden City, New York
             4-7-16

                               JOSEPH G. DELL
                               DELL & DEAN, PLLC
                               Attorneys for Plaintiffs
                               IGNANTIOS MASTELLOS and
                               ERATO MASTELLOS
                               1225 Franklin Avenue, Suite 450
                               Garden City, New York 11530
                               (516) 880-9700

TO:     POWERMATIC
        427 New Sanford Road
        La Vergne, TN 37086

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                    Plaintiffs,

              - against -

POWERMATIC,

                    Defendant.

-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **DELL & DEAN, PLLC**, complaining of the Defendant, respectfully allege, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF IGNANTIOS MASTELLOS

1.    At all times herein mentioned, Plaintiffs were and still are residents of the County of Queens, State of New York.

2.    That at all times herein mentioned, Defendant **POWERMATIC,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Tennessee and doing business within the State of New York.

3.    That Defendant **POWERMATIC** committed a tortious act within the State of New York.

4.    That Defendant, **POWERMATIC,** regularly does, or solicits, business in the State of New York.

5.    That Defendant **POWERMATIC** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

6.    That at all times herein mentioned the Defendant **POWERMATIC** was in the business of selling, manufacturing and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 for the purpose of sale and use to the general public.

7.     That at all times herein mentioned the Defendant **POWERMATIC** was in the business of selling, manufacturing and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 for the purpose of sale and use to businesses.

8.     That the Defendant **POWERMATIC** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Powermatic table saw, Model No. 66, Serial No. 7956706.

9.     That at all times herein mentioned, and prior to October 16, 2013, the Defendant, **POWERMATIC**, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

10.     That on October 16, 2013, Plaintiff **IGNANTIOS MASTELLOS**, used said product of Defendant **POWERMATIC** while in the course of his employment, in the manner intended and/or foreseeably intended, when the product malfunctioned, failed, jammed, and/or otherwise caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

11.     That the Defendant **POWERMATIC** warranted said product was fit for the purpose for which it was intended.

12.     That the Defendant **POWERMATIC** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

13.     That the Defendant **POWERMATIC** impliedly warranted that the said product was of merchantable quality and was safe for use.

14.     That the Defendant **POWERMATIC** designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and sold a certain Powermatic table saw, Model No. 66, Serial No. 7956706 which caused Plaintiff, **IGNANTIOS MASTELLOS**, to suffer severe and permanent personal injuries

15.     That relying upon said warranties, Plaintiff **IGNANTIOS MASTELLOS** proceeded to use the said product in accordance with its intended use.

3

16.   That Defendant **POWERMATIC** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

17.   That on October 16, 2013, the Plaintiff **IGNANTIOS MASTELLOS** while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

18.   That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **IGNANTIOS MASTELLOS** contributing thereto.

19.   That the aforesaid accident was caused solely and wholly by reason that Defendant **POWERMATIC** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

20.   That the carelessness and recklessness of the Defendant, **POWERMATIC**, in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the Powermatic table saw, Model No. 66, Serial No. 7956706 was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the Powermatic table saw, Model No. 66, Serial No. 7956706 which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a Powermatic table saw, Model No.

4

66, Serial No. 7956706 which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendant, **POWERMATIC**, was otherwise negligent in the operation, supervision and maintenance of said device.

21.     That by reason of the foregoing, Plaintiff **IGNANTIOS MASTELLOS** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff **IGNANTIOS MASTELLOS** has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

22.     That this action falls within one or more exception set forth in § 1602 of the CPLR.

23.     That as a result of the foregoing, Plaintiff **IGNANTIOS MASTELLOS** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF IGNANTIOS MASTELLOS

24.     Plaintiff **IGNANTIOS MASTELLOS** repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

25.     That at all times hereinafter mentioned, the Defendant **POWERMATIC** designed, manufactured and distributed the Powermatic table saw, Model No. 66, Serial No. 7956706 in question, knowing and intending for it to be used by the public.

26.     That on October 16, 2013, the Plaintiff, **IGNANTIOS MASTELLOS**, was making use of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, in a manner which the Defendant, **POWERMATIC**, knew and intended to be used and/or in a manner foreseeable by the Defendant.

5

27.     That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff **IGNANTIOS MASTELLOS**.

28.     That on October 16, 2013, Plaintiff **IGNANTIOS MASTELLOS**, used the product for the purpose and use normally intended.

29.     That on October 16, 2013, while Plaintiff **IGNANTIOS MASTELLOS** was using the said product, which was without any guards or warnings, malfunctioned causing Plaintiff to suffer severe bodily injuries.

30.     That upon information and belief, the Powermatic table saw, Model No. 66, Serial No. 7956706 in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

31.     That on October 16, 2013, while Plaintiff **IGNANTIOS MASTELLOS** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **POWERMATIC,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by businesses and the general public; and in otherwise being careless and negligent

32.     That by reason of the foregoing, the Defendant, **POWERMATIC**, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

33.     That by reason of the foregoing Defendants are liable to the Plaintiff, **IGNANTIOS MASTELLOS**, under the doctrine of Strict Products Liability and pursuant to Section 402A - Restatement of Torts Second.

6

34.     That by reason of the foregoing, Plaintiff **IGNANTIOS MASTELLOS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF IGNANTIOS MASTELLOS

35.     Plaintiff **IGNANTIOS MASTELLOS**, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

36.     That Defendant, **POWERMATIC**,  their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

37.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, the Defendant, **POWERMATIC**, their agents, servants and/or employees knew that the Powermatic table saw, Model No. 66, Serial No. 7956706 would be used and the users of said Powermatic table saw, Model No. 66, Serial No. 7956706 would rely upon the expressed and implied warranties and representations that the said Powermatic table saw, Model No. 66, Serial No. 7956706 was safe, proper, merchantable and fit for its intended uses and was free from any defects.

38.     That by reason of the foregoing, the Defendant, **POWERMATIC**, violated and breached the aforementioned express and implied warranties and that the Powermatic table saw, Model No. 66, Serial No. 7956706 was not reasonably fit, not of merchantable quality, unfit for its

7

intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

39.     That Plaintiff **IGNANTIOS MASTELLOS** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **POWERMATIC**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing  and selling said product for use by the general public; and in otherwise being careless and negligent.

40.     That by reason of the foregoing, Plaintiff **IGNANTIOS MASTELLOS**, has been damaged in  a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF ERATO MASTELLOS

41.     Plaintiff **ERATO MASTELLOS**, repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length herein.

42.     That at all times herein mentioned, Plaintiff **ERATO MASTELLOS** was the spouse of the Plaintiff **IGNANTIOS MASTELLOS** and as such was entitled to the society, services and consortium of her spouse **IGNANTIOS MASTELLOS**.

43.     That by reason of the foregoing, Plaintiff **ERATO MASTELLOS** was deprived of the society, services and consortium of the Plaintiff **IGNANTIOS MASTELLOS** and shall forever be deprived of said society, services and consortium.

44.     That by reason of the foregoing, Plaintiff **ERATO MASTELLOS** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

8

**WHEREFORE**, Plaintiffs **IGNANTIOS MASTELLOS and ERATO MASTELLOS** demand judgment against the Defendant **POWERMATIC** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:       Garden City, New York
             4-7-16

                              Yours, etc.

                              _____
                              JOSEPH G. DELL
                              DELL & DEAN, PLLC
                              Attorneys for Plaintiffs
                              IGNANTIOS MASTELLOS and
                              ERATO MASTELLOS
                              1225 Franklin Avenue, Suite 450
                              Garden City, New York 11530
                              (516) 880-9700

9

ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

JOSEPH G. DELL, an attorney admitted to practice in the Courts of New York State, states that:

1.      I am a partner at DELL & DEAN, PLLC. the attorneys for the plaintiff in the within action;

2.      I have read the foregoing COMPLAINT  and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

3.      The reason I make this verification instead of the plaintiff is that plaintiff does not reside within in the county in which your affirmant's office is located;

4.      The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City,  New York
       4-7-16

_____
JOSEPH G. DELL

10

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                Plaintiffs,

       - against -

POWERMATIC,

                Defendant.

## SUMMONS & COMPLAINT

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
**1225 Franklin Avenue
Suite 450
Garden City, New York 11530
(516) 880-9700
Facsimile (516) 880-9707**

TO: