# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                                   Plaintiffs,

- against -

POWERMATIC,

                                   Defendant.
-------------------------------------------------------------------X

VERIFIED BILL OF PARTICULARS
Index No 704139/2016

Plaintiff(s), Ignatios Mastellos, by his attorneys, DELL & DEAN, PLLC, responding to the demands of defendants Bill of Particulars, alleges, upon information and belief, as follows:

1)     Plaintiff's date of birth is ▮▮▮▮▮ and his address is ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮. Plaintiff's social security number is ▮▮▮.

2)     The occurrence took place on 10/16/2013 at approximately 4:00PM.

3)     The occurrence took place at CAS Custom Kitchens Inc., 26-35 1st Street, Long Island City, State of New York.

4)     The occurrence took place when Plaintiff severed all five fingers of his left hand with a Powermatic table saw.

5)     The product that was involved in the incident is a Powermatic table saw, Model No. 66, Serial No. 7956706.

6)     Plaintiff's co-workers, John, Mustafa and Pavlos were witnesses to the occurrence.

7)     As a result of this occurrence, plaintiff sustained the following special damages:

        a)     Physicians:     paid by worker's compensation carrier, NYSIF under claim #66735804-373 for which a lien is expected to be asserted.

        b)     Medical:     See a) above

    c)    Nurses:    See a) above

    d)    Hospital:    See a) above

    e)    Other:    N/A

8) Plaintiff was treated at Mount Sinai Hospital, 25-10 30th avenue, Long Island City, NY 10016 and Bellevue Hospital, 462 1st Avenue, New York, NY 10016.

9) Defendants, their agents, servants, employees and/or assigns were negligent in that defendants designed a table saw without adequate warnings; without a proper guard; without anti kickback pawls to help grab wood during a kickback as occurred in the plaintiff's accident; without a saw stop safety system as designed and invented by Dr, Stephen Grass and in use since 1999; without a proper guard; without emergency stop-kill switch either manual or pedal; and was otherwise designed nor equipped with proper safety devices including blade guarding.

10) Carelessness and recklessness of the Defendant POWERMATIC in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid table saw; in creating a table saw which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a table saw which was unfit for its intended purpose and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid table saw; in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting; representing and advertising that the table saw was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in

failing to maintain the table saw which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a table saw which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendant POWERMATIC was otherwise negligent in the operation, supervision and maintenance of said device.

11) Defendant, POWERMATIC and their agents, servants, employees and/or assigns were responsible for inspecting, maintaining and/or repairing the subject product.

12) It will be claimed that in addition to OSHA 1910.243(a)(1)(i) defendants violated those statutes, rules, regulations and ordinances then and there in effect at the time and place of this accident of which the Court will take judicial notice at the time of trial.

13) Plaintiff was confined to bed and home for 6 months from the date of accident.

14) Plaintiff was taken to Mount Sinai Hospital on 10/16/2013 and immediately transferred for emergency treatment to Bellevue Hospital and was confined thereto from October 16, 2013 until October 29, 2013.

15) Loss of wages is claimed. Plaintiff's salary was $140/day x 5 days or $700/week. Plaintiff claims lost wages from the date of the accident to present and continuing, calculated as follows: 10/16/2013 to date is 167 weeks. $700/wk x 167 weeks = $116,900.00 to date and continuing.

16) Plaintiff was totally disabled from the time of the accident until present.

17) As a result of this occurrence, plaintiff sustained the following injuries:

REVASCULARIZATION OF LEFT THUMB WITH VEIN GRAFT FROM FOREARM, BONE GRAFT FROM LEFT RADIUS TO MIDDLE AND SMALL FINGERS OF LEFT HAND.

FPL REPAIR OF LEFT THUMB,

REPAIR OF LEFT THUMB RADIAL DIGITAL NERVE WITH SYNTHETIC TUBE;

NERVE REPAIR WITH CONDUIT OF LEFT RADIAL SENSORY TO THUMB;

ORIF TO LEFT INDEX, MIDDLE, AND SMALL FINGERS, COMPLETION AMPUTATION TO LEFT RIGHT FINGER;

REVISION AND AMPUTATION OF LEFT MIDDLE FINGER AND 2-CM X 1-CM SKIN GRAFT FULL THICKNESS TO LEFT THUMB ;

PARTIAL AMPUTATION OF THE THIRD AND FOURTH DIGITS THROUGH THE MIDDLE PHALANGES.

PARTIAL AMPUTATION OF THE FIFTH DIGIT THROUGH THE DISTAL PHALANX. COMMINUTED FRACTURE DEFORMITY OF THE DISTAL ASPECT OF THE SECOND AND PROXIMAL PHALANX

FRACTURE DEFECT INVOLVING THE CORTEX OF THE FIRST PROXIMAL PHALANX.

ASSOCIATED CIRCUMFERENTIAL WRIST AND HAND SOFT TISSUE EDEMA;

INABILITY TO USE LEFT HAND;

PAINFUL SENSATION IN ATTACHED FINGERS;

ADJUSTMENT DISORDER AND DEPRESSION;

All of the foregoing injuries caused severe swelling, pain, stiffness, tenderness, weakness, discomfort and restriction and limitation of motion.

The foregoing injuries directly affected the skin, bones, tissues, nerves, blood vessels and joints of the injured parts, produced functional and organic disturbances and symptomatic and radiating pains to and about the adjacent and surrounding areas and restriction and limitation of motion of the affected parts of his body. The plaintiff suffers and continues to suffer pain, discomfort and disability and all the natural and probable consequences of the injuries set forth herein, including psychological overlay and anxiety.

All of these injuries resulted in extreme pain, tenderness and discomfort. Upon information and belief, it is believed that the injuries so sustained have weakened those parts of the body and have rendered them more susceptible to future trauma.

As a result of the above injuries, plaintiff suffers pain and tenderness, weakness, loss of function, loss of strength, limitation and restriction of motion, and pain on motion. Plaintiff was caused to suffer and continues to suffer severe anxiety and severe concern over possible development of further complications due to the injuries.

Upon information and belief, these injuries aggravated, activated, and/or precipitated any underlying, hypertrophic, degenerative arthritic, circulatory, arterial, venous, and/or systemic condition, which were asymptomatic prior to the accident complained of and/or aggravated and exacerbated pre-existing conditions.

All of the aforementioned injuries, manifestations, resulting, disabilities, and involvements are associated with further soft tissue injury to the areas traumatically affected, including injury, tearing, derangement, and damage to the associated blood vessels, and blood supply, nerves and nerve tissue, epithelial tissue, all concomitant to the special injuries and related to many portions mentioned hereinabove, with resultant pain, deformity, and disability, stiffness, tenderness, weakness, and partial restriction and limitation of motion and pain on motion and possible loss of the use of the above mentioned parts, atrophy, anxiety, and mental anguish and all have substantially prevented the plaintiff from enjoying the normal fruits of activities (social, educational, and economic).

Plaintiffs enjoyment of life has been permanently impaired, impeded and reduced. Plaintiff sustained a shock to the body and nervous system.

Upon information and belief, these injuries and their sequelae are permanent, chronic and lasting in their nature and character with permanent effects of pain, loss of use, loss of motion, disability, loss of proper use, atrophy, pain, anxiety, embarrassment, and mental anguish.

Plaintiff reserves the right to prove any and all further consequences arising out of the said injuries up to and at the time of the trial. Upon information and belief, the aforementioned injuries are permanent except those stated as being superficial in nature.

28. Plaintiff was/is unable to perform normal activities and duties from the date of the accident until present and continuing.

Dated: Garden City, NY
December 28, 2016

Yours, etc.

JOSEPH G. DELL
DELL & DEAN, PLLC
Attorneys for Plaintiff(s)
Ignatios
1225 Franklin Avenue
Garden City, NY 11530
(516) 880-9700
Our File # 00691

TO: RILEY SAFER HOLMES & CANCILA LLP
Attorneys for Defendant
85 Broad Street
New York, NY 10004
(212) 660-1000

ATTORNEY VERIFICATION

JOSEPH G. DELL, managing member and President of DELL & DEAN, PLLC, the attorneys for the plaintiffs in the within action;

I have read the foregoing Verified Bill of Particulars and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

The reason I make this verification instead of the plaintiff is that plaintiff is not present in the county in which your affirmant's office is located;

The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.


Dated: Garden City, New York
December 28, 2016

_____
JOSEPH G. DELL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,        Index No: 704139/2016

                                                        Plaintiffs,

- against –

POWERMATIC,

                                                        Defendant.
---------------------------------------------------------------------X

## VERIFIED BILL OF PARTICULARS

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
**1225 Franklin Avenue, Suite 450
Garden City, NY 11530
Telephone: (516) 880-9700
Facsimile: (516) 880-9707**