Exhibit C

FILED: QUEENS COUNTY CLERK 04/07/2016 12:04 PM
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 04/07/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                Plaintiffs,

        - against -

POWERMATIC,

                Defendant.

-------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is:
Plaintiffs' residence

Plaintiffs reside at:
32-42 204th Street
Bayside, New York 11361

County of QUEENS

## To the above named Defendant:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Garden City, New York
            4-7-16

                                JOSEPH G. DELL
                                DELL & DEAN, PLLC
                                Attorneys for Plaintiffs
                                IGNANTIOS MASTELLOS and
                                ERATO MASTELLOS
                                1225 Franklin Avenue, Suite 450
                                Garden City, New York 11530
                                (516) 880-9700

TO:     POWERMATIC
         427 New Sanford Road
         La Vergne, TN 37086

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------X

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                        Plaintiffs,

                   - against -

POWERMATIC,

                        Defendant.

------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **DELL & DEAN, PLLC**, complaining of the Defendant, respectfully allege, upon information and belief:

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**ON BEHALF OF IGNANTIOS MASTELLOS**</u>

1.    At all times herein mentioned, Plaintiffs were and still are residents of the County of Queens, State of New York.

2.    That at all times herein mentioned, Defendant **POWERMATIC,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Tennessee and doing business within the State of New York.

3.    That Defendant **POWERMATIC** committed a tortious act within the State of New York.

4.    That Defendant, **POWERMATIC,** regularly does, or solicits, business in the State of New York.

5.    That Defendant **POWERMATIC** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

6.    That at all times herein mentioned the Defendant **POWERMATIC** was in the business of selling, manufacturing and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 for the purpose of sale and use to the general public.

7.      That at all times herein mentioned the Defendant **POWERMATIC** was in the business of selling, manufacturing and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 for the purpose of sale and use to businesses.

8.      That the Defendant **POWERMATIC** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Powermatic table saw, Model No. 66, Serial No. 7956706.

9.      That at all times herein mentioned, and prior to October 16, 2013, the Defendant, **POWERMATIC**, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

10.     That on October 16, 2013, Plaintiff **IGNANTIOS MASTELLOS**, used said product of Defendant **POWERMATIC** while in the course of his employment, in the manner intended and/or foreseeably intended, when the product malfunctioned, failed, jammed, and/or otherwise caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

11.     That the Defendant **POWERMATIC** warranted said product was fit for the purpose for which it was intended.

12.     That the Defendant **POWERMATIC** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

13.     That the Defendant **POWERMATIC** impliedly warranted that the said product was of merchantable quality and was safe for use.

14.     That the Defendant **POWERMATIC** designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and sold a certain Powermatic table saw, Model No. 66, Serial No. 7956706 which caused Plaintiff, **IGNANTIOS MASTELLOS**, to suffer severe and permanent personal injuries

15.     That relying upon said warranties, Plaintiff **IGNANTIOS MASTELLOS** proceeded to use the said product in accordance with its intended use.

3

16.   That Defendant **POWERMATIC** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

17.   That on October 16, 2013, the Plaintiff **IGNANTIOS MASTELLOS** while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

18.   That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **IGNANTIOS MASTELLOS** contributing thereto.

19.   That the aforesaid accident was caused solely and wholly by reason that Defendant **POWERMATIC** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

20.   That the carelessness and recklessness of the Defendant, **POWERMATIC**, in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the Powermatic table saw, Model No. 66, Serial No. 7956706 was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the Powermatic table saw, Model No. 66, Serial No. 7956706 which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a Powermatic table saw, Model No.

4

66, Serial No. 7956706 which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendant, **POWERMATIC**, was otherwise negligent in the operation, supervision and maintenance of said device.

21.     That by reason of the foregoing, Plaintiff **IGNANTIOS MASTELLOS** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff **IGNANTIOS MASTELLOS** has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

22.     That this action falls within one or more exception set forth in § 1602 of the CPLR.

23.     That as a result of the foregoing, Plaintiff **IGNANTIOS MASTELLOS** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF IGNANTIOS MASTELLOS

24.     Plaintiff **IGNANTIOS MASTELLOS** repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

25.     That at all times hereinafter mentioned, the Defendant **POWERMATIC** designed, manufactured and distributed the Powermatic table saw, Model No. 66, Serial No. 7956706 in question, knowing and intending for it to be used by the public.

26.     That on October 16, 2013, the Plaintiff, **IGNANTIOS MASTELLOS**, was making use of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, in a manner which the Defendant, **POWERMATIC**, knew and intended to be used and/or in a manner foreseeable by the Defendant.

5

27.     That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff **IGNANTIOS MASTELLOS**.

28.     That on October 16, 2013, Plaintiff **IGNANTIOS MASTELLOS**, used the product for the purpose and use normally intended.

29.     That on October 16, 2013, while Plaintiff **IGNANTIOS MASTELLOS** was using the said product, which was without any guards or warnings, malfunctioned causing Plaintiff to suffer severe bodily injuries.

30.     That upon information and belief, the Powermatic table saw, Model No. 66, Serial No. 7956706 in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

31.     That on October 16, 2013, while Plaintiff **IGNANTIOS MASTELLOS** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the  Defendant, **POWERMATIC,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by businesses and the general public; and in otherwise being careless and negligent

32.     That by reason of the foregoing, the Defendant, **POWERMATIC,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

33.     That by reason of the foregoing Defendants are liable to the Plaintiff, **IGNANTIOS MASTELLOS,** under the doctrine of Strict Products Liability and pursuant to Section 402A - Restatement of Torts Second.

6

34.     That by reason of the foregoing, Plaintiff **IGNANTIOS MASTELLOS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF IGNANTIOS MASTELLOS

35.     Plaintiff **IGNANTIOS MASTELLOS**, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

36.     That Defendant, **POWERMATIC**,  their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

37.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, the Defendant, **POWERMATIC**, their agents, servants and/or employees knew that the  Powermatic table saw, Model No. 66, Serial No. 7956706 would be used and the users of said Powermatic table saw, Model No. 66, Serial No. 7956706 would rely upon the expressed and implied warranties and representations that the said Powermatic table saw, Model No. 66, Serial No. 7956706 was safe, proper, merchantable and fit for its intended uses and was free from any defects.

38.     That by reason of the foregoing, the Defendant, **POWERMATIC**, violated and breached the aforementioned express and implied warranties and that the  Powermatic table saw, Model No. 66, Serial No. 7956706 was not reasonably fit, not of merchantable quality, unfit for its

7

intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

39.     That Plaintiff **IGNANTIOS MASTELLOS** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **POWERMATIC**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

40.     That by reason of the foregoing, Plaintiff **IGNANTIOS MASTELLOS**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF ERATO MASTELLOS

41.     Plaintiff **ERATO MASTELLOS**, repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length herein.

42.     That at all times herein mentioned, Plaintiff **ERATO MASTELLOS** was the spouse of the Plaintiff **IGNANTIOS MASTELLOS** and as such was entitled to the society, services and consortium of her spouse **IGNANTIOS MASTELLOS**.

43.     That by reason of the foregoing, Plaintiff **ERATO MASTELLOS** was deprived of the society, services and consortium of the Plaintiff **IGNANTIOS MASTELLOS** and shall forever be deprived of said society, services and consortium.

44.     That by reason of the foregoing, Plaintiff **ERATO MASTELLOS** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

8

**WHEREFORE**, Plaintiffs **IGNANTIOS MASTELLOS and ERATO MASTELLOS** demand judgment against the Defendant **POWERMATIC** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:            Garden City, New York
                       4-7-16

                                 Yours, etc.

                                 JOSEPH G. DELL
                                 DELL & DEAN, PLLC
                                 Attorneys for Plaintiffs
                                 IGNANTIOS MASTELLOS and
                                 ERATO MASTELLOS
                                 1225 Franklin Avenue, Suite 450
                                 Garden City, New York 11530
                                 (516) 880-9700

9

ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

JOSEPH G. DELL, an attorney admitted to practice in the Courts of New York State, states that:

1.    I am a partner at DELL & DEAN, PLLC. the attorneys for the plaintiff in the within action;

2.    I have read the foregoing COMPLAINT and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

3.    The reason I make this verification instead of the plaintiff is that plaintiff does not reside within in the county in which your affirmant's office is located;

4.    The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City, New York
       _4-7-16_____

                                        _____
                                        JOSEPH G. DELL

10

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

               Plaintiffs,

    - against -

POWERMATIC,

            Defendant.

SUMMONS & COMPLAINT

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
**1225 Franklin Avenue**
**Suite 450**
**Garden City, New York 11530**
**(516) 880-9700**
**Facsimile (516) 880-9707**

TO:

## Affidavit of Service of Process

## State of New York

## County of Queens

I, Larry Wozencraft, first being duly sworn, make oath as follows: Did serve the following service of process.

Court: Supreme Court
Document Number: 704139/2016
Plaintiff (s) / Petitioner(s): Ignantios Mastellos & Erato Mastellos
Defendant (s) / Respondent (s): .Powermatic
Document (s): Summons & Complaint
Service Address: 427 New Sanford Rd., LaVergne, TN 37086
Entity / Person Served: Powermatic c/o Virginia Schmidt , VP .
Service Date / Time: 4-28-16 at 133 PM

Private Process Server
P O Box 210206
Nashville, TN 37221
615-781-3730

Sworn To Me On: 6-20-2016
Expires 11-05-2019

Case 1:17-cv-00415-MKB-ST   Document 1-3   Filed 01/25/17   Page 14 of 55 PageID #: 40

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF _____**

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Managing Attorney Authorizing Filing Agent Entity)

I, _Joseph G. Dell_____, Esq., ( Attorney Registration No. _2460454) am the_
managing attorney of/attorney in charge of e-filing for _Dell & Dean PLLC_
_____ (the "Firm"). I hereby acknowledge and
represent that the attorneys in the Firm who are authorized users of the New York State
Electronic Filing System ("NYSCEF") hereby authorize any employee of
_PM Investigations -_____ who possesses a NYSCEF filing agent ID to file documents on
their behalf and at their direction, as a filing agent, in any e-filed matter in which they are
counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the
Trial Courts.

This authorization extends to any consensual matter in which these attorneys have
previously consented to e-filing or may hereafter consent, to any mandatory matter in which
they have recorded their representation, and to any matter in which they authorize the filing
agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and
submit to the filing agent for filing in any such matter. This authorization, posted once on the
NYSCEF website as to each matter in which these attorneys are counsel of record, shall be
deemed to accompany any document in that matter filed by the filing agent on behalf of these
attorneys.

This authorization also extends to matters of payment, which the filing agent may make
either by debiting an account the filing agent maintains with the County Clerk of any authorized
e-filing county or by debiting an account the Firm maintains with the County Clerk of any
authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the
authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _5|26|16_____

_____          _Garden City NY 11530_____
Signature                           City, State and Zip Code
_Joseph G. Dell_____            _(516) 880-9700_____
Print Name                          Phone

Dell · Dean PLLC
Firm/Department

jdell@d2triallaw.com
E-Mail Address

1225 Franklin Avenue Suite 450
Street Address

(6/6/13)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

-------------------------------------------------------------------X

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                                     Plaintiffs,           Index No.:  704139/2016

                  -against-               **JPW INDUSTRIES, INC.'S**
                                           **VERIFIED ANSWER TO**
POWERMATIC,                              **PLAINTIFF'S**
                                           **COMPLAINT**

                                   Defendant.

-------------------------------------------------------------------X

       JPW Industries, Inc., improperly named as Powermatic, ("JPW") for its Answer

and Affirmative and Other Defenses to Plaintiffs' Complaint states as follows:

**AS FOR A FIRST CAUSE OF ACTION ON**
**BEHALF OF IGNANTIOS MASTELLOS**

       1.      At all times herein mentioned, Plaintiffs were and still are residents of the
County of Queens, State of New York.

       **ANSWER:**    **JPW lacks knowledge or information sufficient to form a belief as**

**to the truth of the allegations contained in this paragraph.**

       2.      That at all times herein mentioned, Defendant Powermatic**,** was and still is
a domestic corporation, foreign corporation or other legal entity duly organized and
existing under and by virtue of the laws of the State of Tennessee and doing business
within the State of New York.

       **ANSWER:**    **JPW admits only that it is a corporation organized under the laws**

**of the State of Washington and that its principal place of business is located in the**

**State of Tennessee.  JPW denies the remaining allegations contained in this paragraph.**

3.     That Defendant Powermatic committed a tortious act within the State of New York.

**ANSWER: Denied.**

4.     That Defendant, Powermatic regularly does, or solicits, business in the State of New York.

**ANSWER:    JPW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

5.     That Defendant Powermatic received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

**ANSWER:    JPW knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

6.     That at all times herein mentioned the Defendant Powermatic was in the business of selling, manufacturing and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 for the purpose of sale and use to the general public.

**ANSWER:    Denied.**

7.     That at all times herein mentioned the Defendant Powermatic was in the business of selling, manufacturing and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 for the purpose of sale and use to businesses.

**ANSWER:    Denied.**

8.     That the Defendant Powermatic designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Powermatic table saw, Model No. 66, Serial No.  7956706.

**ANSWER:    Denied.**

9.      That at all times herein mentioned, and prior to October 16, 2013, the Defendant, Powermatic, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

**ANSWER:   Denied.**

10.      That on October 16, 2013, Plaintiff Ignantios Mastellos used said product of Defendant Powermatic while in the course of his employment, in the manner intended and/or foreseeably intended, when the product malfunctioned, failed, jammed, and/or otherwise caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

**ANSWER:   Denied.**

11.      That the Defendant Powermatic warranted said product was fit for the purpose for which it was intended.

**ANSWER:   Denied.**

12.      That the Defendant Powermatic warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

**ANSWER:   Denied.**

13.      That the Defendant Powermatic impliedly warranted that the said product was of merchantable quality and was safe for  use.

**ANSWER:   Denied.**

14.      That the Defendant Powermatic designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and sold a certain Powermatic table saw, Model No. 66, Serial No. 7956706 which caused Plaintiff, Ignantios Mastellos, to suffer severe and permanent personal  injuries.

**ANSWER:   Denied.**

15.     That relying upon said warranties, Plaintiff Ignantios Mastellos proceeded to use the said product in accordance with its intended use.

**ANSWER:    Denied.**

16.     That Defendant Powermatic warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

**ANSWER:    Denied.**

17.     That on October 16, 2013, the Plaintiff Ignantios Mastellos while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

**ANSWER:    JPW lacks knowledge or information sufficient to allow it to admit or deny the allegations contained in this paragraph.**

18.     That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff Ignantios Mastellos contributing thereto.

**ANSWER:    JPW lacks knowledge or information sufficient to allow it to admit or deny the allegations contained in this paragraph.**

19.     That the aforesaid accident was caused solely and wholly by reason that Defendant Powermatic breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

**ANSWER:    Denied.**

20.     That the carelessness and recklessness of the Defendant, Powermatic, in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a Powermatic table saw, Model No. 66, Serial No. 7956706 which was unfit for its intended

purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the Powermatic table saw, Model No. 66, Serial No. 7956706 was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the Powermatic table saw, Model No. 66, Serial No. 7956706 which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a Powermatic table saw, Model No. 66, Serial No. 7956706 which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendant, Powermatic, was otherwise negligent in the operation, supervision and maintenance of said device.

**ANSWER:   Denied.**

21.    That by reason of the foregoing, Plaintiff Ignantios Mastellos was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff Ignantios Mastellos has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff s normal activities and duties and has sustained a resultant loss therefrom.

**ANSWER:   Denied.**

22.    That this action falls within one or more exception set forth in § 1602 of the CPLR.

**ANSWER:   JPW lacks knowledge or information sufficient to allow it to admit**

**or deny the allegations contained in this paragraph.**

23.    That as a result of the foregoing, Plaintiff Ignantios Mastellos was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**ANSWER:   Denied.**

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF IGNANTIOS MASTELLOS

24.    Plaintiff Ignantios Mastellos repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

**ANSWER:   JPW reasserts its answers to each allegation contained in the First Cause of Action.**

25.    That at all times hereinafter mentioned, the Defendant Powermatic designed, manufactured and distributed the Powermatic table saw, Model No. 66, Serial No. 7956706 in question, knowing and intending for it to be used by the  public.

**ANSWER:   Denied.**

26.    That on October 16, 2013, while Plaintiff Ignantios Mastellos was making use of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, in a manner which the Defendant, Powermatic, knew and intended to be used and/or in a manner foreseeable by the Defendant.

**ANSWER:   Denied.**

27.    That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff Ignantios Mastellos.

**ANSWER:   Denied.**

28.    That on October 16, 2013, Plaintiff Ignantios Mastellos, used the product for the purpose and use normally intended.

**ANSWER:   JPW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

29.    That on October 16, 2013, while Plaintiff Ignantios Mastellos was using the said product, which was without any guards or warnings, malfunctioned causing Plaintiff to suffer severe bodily injuries.

**ANSWER:    JPW lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in this paragraph.**

30.    That upon information and belief, the Powermatic table saw, Model No. 66, Serial No. 7956706 in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

**ANSWER:    Denied.**

31.    That on October 16, 2013, while Plaintiff Ignantios Mastellos was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, Powermatic, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by businesses and the general public; and in otherwise being careless and negligent.

**ANSWER:    Denied.**

32.    That by reason of the foregoing, the Defendant, Powermatic, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

**ANSWER:    Denied.**

33.    That by reason of the foregoing Defendants are liable to the Plaintiff, Ignantios Mastellos, under the doctrine of Strict Products Liability and pursuant to Section 402A-Restatement of Torts Second.

**ANSWER:    Denied.**

**7** of **16**

34.     That by reason of the foregoing, Plaintiff, Ignantios Mastellos, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**ANSWER:   Denied.**

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF IGNANTIOS MASTELLOS

35.     Plaintiff Ignantios Mastellos, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

**ANSWER:   JPW reasserts its answers to each allegation contained in the First and Second Causes of Action.**

36.     That Defendant, Powermatic, their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

**ANSWER:   Denied.**

37.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706, the Defendant, Powermatic, their agents, servants and/or employees knew that the Powermatic table saw, Model No. 66, Serial No. 7956706 would be used and the users of said Powermatic table saw, Model No. 66, Serial No. 7956706 would rely upon the expressed and implied warranties and representations that the said Powermatic table saw, Model No. 66, Serial No. 7956706 was safe, proper, merchantable and fit for its intended uses and was free from any   defects.

**ANSWER:   Denied.**

**8** of **16**

38.    That by reason of the foregoing, the Defendant, Powermatic, violated and breached the aforementioned express and implied warranties and that the Powermatic table saw, Model No. 66, Serial No. 7956706 was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

**ANSWER:   Denied.**

39.    That Plaintiff Ignantios Mastellos was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, Powermatic, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

**ANSWER:   Denied.**

40.    That by reason of the foregoing, Plaintiff Ignantios Mastellos has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**ANSWER:   Denied.**

## AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF ERATO MASTERLLOS

41.    Plaintiff Erato Mastellos, repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length herein.

**ANSWER:   JPW reasserts its answers to each allegation contained in the**

**First, Second and Third Causes of Action.**

42.    That at all times herein mentioned, Plaintiff Erato Mastellos was the spouse of the Plaintiff Ignantios Mastellos and as such was entitled to the society, services and consortium of her spouse Ignantios Mastellos.

**ANSWER:   JPW lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

43.    That by reason of the foregoing, Plaintiff Erato Mastellos was deprived of the society, services and consortium of the Plaintiff Ignantios Mastellos and shall forever be deprived of said society, services and consortium.

**ANSWER:   Denied.**

44.    That by reason of the foregoing, Plaintiff Erato Mastellos was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**ANSWER:   Denied.**

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

This action must be dismissed because this Court lacks personal jurisdiction over JPW Industries, Inc.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against JPW upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

In accordance with the Order Authorizing Debtor to Sell "Powermatic Assets" Free and Clear of Liens, Encumbrances and Interests, entered by the U.S. Bankruptcy Court for the Northern District of Ohio on September 29, 1999, JPW has no liability for the damages sought in this action if the Powermatic saw which is the subject of this action

was manufactured and sold prior to October 15, 1999.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by an applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by an applicable statute of repose.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the product's limited warranty.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's warranty claims are barred by plaintiff's failure to give timely notice of the alleged breach.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's warranty claims are barred to the extent changes or alterations were made to the product that voided the alleged warranties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by material misuse, abuse, or alteration of the product in question.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to Article 14-A of the Civil Practice Law and Rules, the amount of damages recoverable by Plaintiff, if any, must be diminished by reason of the culpable

**11** of **16**

conduct attributable to Plaintiff, including contributory negligence and assumption of risk, in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damage.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the product was not used in a reasonably foreseeable manner or in the manner for which it was intended.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the sophisticated user doctrine.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because his alleged injuries were the result of an open and obvious danger or hazard known to plaintiff.

## AS AND FOR A FOURTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his express or implied assumption of risks, dangers or hazards known by Plaintiff.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because his alleged injuries were caused by persons over whom JPW has no control, right to control, and for whose conduct JPW is not responsible.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because his alleged injuries were caused by the superseding and intervening acts of persons other than JPW.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

If JPW is found liable, its liability would be less than or equal to 50% of the total liability of all liable persons, and therefore JPW's liability shall be limited to its equitable share pursuant to CPLR Article 16.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff must be reduced by collateral source payments pursuant to CPLR Sec. 4545(c).

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

If Plaintiff has or does settle with any alleged joint tortfeasor, JPW is entitled to the full benefit of Section 15-108 of the General Obligations Law.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent the product allegedly at issue was substantially or materially modified or altered after its manufacture and/or sale, JPW cannot be held liable to Plaintiff.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

JPW reserves the right to amend its Answer and add any additional affirmative defenses which become applicable after the substantial completion of discovery.

**13** of **16**

**WHEREFORE**, JPW respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice, and award JPW its costs and attorneys' fees. JPW also requests any other relief that the Court deems just and appropriate.

DATED:          August 6, 2016

Respectfully Submitted,

JPW INDUSTRIES, INC.

By:   /s/ Joshua D. Lee
                    One of Its Attorneys

Joshua D. Lee
Ryan P. Poscablo
RILEY SAFER HOLMES & CANCILA LLP
85 Broad Street
New York, New York 10004
(212) 660-1000

**14** of **16**

## ATTORNEY VERIFICATION

Joshua D. Lee, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true:  I am an attorney at Riley Safer Holmes & Cancila LLP, counsel for the Defendant JPW Industries, Inc.  I have reviewed the foregoing Answer to Plaintiff's Complaint, and know the contents thereof.  The statements made in the Answer are true to my knowledge, except for those matters which are stated to be alleged on information or belief, and as to those matters, I believe them to be true.  My belief as to those matters not alleged based on knowledge is based upon facts, records, and/or other pertinent information contained in my files.

This verification is made by me, because JPW Industries, Inc. is not located in the county where I maintain my offices.

Dated:          August 6, 2016

_____
              /s/ Joshua D. Lee

RILEY SAFER HOLMES & CANCILA LLP
85 Broad Street
New York, New York 10004
(212) 660-1000

15 of 16

Index No.:   704139/2016

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                                                                                Plaintiffs,

                                    -against-

POWERMATIC,

                                                                                Defendant.

**JPW INDUSTRIES, INC.'S VERIFIED ANSWER TO PLANTIFF'S COMPLAINT**

RILEY SAFER HOLMES & CANCILA LLP
*Attorneys for Defendant*
JPW INDUSTRIES, INC.
**85 Broad Street**
**New York, New York 10004**
**(212) 660-1000**

4841-8450-2326, v. 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,

                              Plaintiffs,

      - against -

POWERMATIC,

                           Defendant.
----------------------------------------------------------------------X

VERIFIED BILL OF
PARTICULARS
Index No704139/2016

        Plaintiff(s), Ignatios Mastellos, by his attorneys, DELL & DEAN, PLLC, responding to

the demands of defendants Bill of Particulars, alleges, upon information and belief, as follows:

1)     Plaintiff's date of birth is ▇▇▇▇ and his address is ▇▇▇▇▇▇▇

▇▇▇▇. Plaintiff's social security number is ▇▇▇▇.

2)     The occurrence took place on 10/16/2013at approximately 4:00PM.

3)     The occurrence took place at CAS Custom Kitchens Inc., 26-35 1st Street, Long Island

City, State of New York.

4)     The occurrence took place when Plaintiff severed all five fingers of his left hand with a

Powermatic table saw.

5)     The product that was involved in the incident is a Powermatic table saw, Model No. 66,

Serial No. 7956706.

6)     Plaintiff's co-workers, John, Mustafa and Pavlos were witnesses to the occurrence.

7)     As a result of this occurrence, plaintiff sustained the following special damages:

          a)     Physicians:        paid by worker's compensation carrier, NYSIF

                          under claim #66735804-373 for which a lien is expected to be asserted.

          b)     Medical:        See a) above

c)    Nurses:          See a) above

d)    Hospital:        See a) above

e)    Other:           N/A

8)    Plaintiff was treated at Mount Sinai Hospital, 25-10 30th avenue, Long Island City, NY 10016 and Bellevue Hospital, 462 1st Avenue, New York, NY 10016.

9)    Defendants, their agents, servants, employees and/or assigns were negligent in that defendants designed a table saw without adequate warnings; without a proper guard; without anti kickback pawls to help grab wood during a kickback as occurred in the plaintiff's accident; without a saw stop safety system as designed and invented by Dr, Stephen Grass and in use since 1999; without a proper guard; without emergency stop-kill switch either manual or pedal; and was otherwise designed nor equipped with proper safety devices including blade guarding.

10)   Carelessness and recklessness of the Defendant POWERMATIC in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid table saw; in creating a table  saw which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing a table saw which was unfit for its intended purpose and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid table saw; in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently and carelessly warranting; representing and advertising that the table saw was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in

failing to maintain the table saw which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a table saw which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendant POWERMATIC  was otherwise negligent in the operation, supervision and maintenance of said device.

11)     Defendant, POWERMATIC and their agents, servants, employees and/or assigns were responsible for inspecting, maintaining and/or repairing the subject product.

12)     It will be claimed that in addition to OSHA 1910.243(a)(1)(i)  defendants violated those statutes, rules, regulations and ordinances then and there in effect at the time and place of this accident of which the Court will take judicial notice at the time of trial.

13)     Plaintiff was confined to bed and home for 6  months from the date of accident.

14)     Plaintiff was taken to Mount Sinai Hospital on 10/16/2013 and immediately transferred for emergency treatment to Bellevue Hospital and was confined thereto from October 16, 2013 until October 29, 2013.

15)     Loss of wages is claimed.  Plaintiff's salary was $140/day x 5 days or $700/week. Plaintiff claims lost wages from the date of the accident to present and continuing, calculated as follows:  10/16/2013 to date is 167 weeks.  $700/wk x 167 weeks = $116,900.00 to date and continuing.

16)     Plaintiff was totally disabled  from the time of the accident until present.

17)     As a result of this occurrence, plaintiff sustained the following injuries:

REVASCULARIZATION OF LEFT THUMB WITH VEIN GRAFT FROM FOREARM, BONE GRAFT FROM LEFT RADIUS TO MIDDLE AND SMALL FINGERS OF LEFT HAND.

FPL REPAIR OF LEFT THUMB,

REPAIR OF LEFT THUMB RADIAL DIGITAL NERVE WITH SYNTHETIC TUBE;

NERVE REPAIR WITH CONDUIT OF LEFT RADIAL SENSORY TO THUMB;

ORIF TO LEFT INDEX, MIDDLE, AND SMALL FINGERS, COMPLETION AMPUTATION TO LEFT RIGHT FINGER;

REVISION AND AMPUTATION OF LEFT MIDDLE FINGER AND 2-CM X 1-CM SKIN GRAFT FULL THICKNESS TO LEFT THUMB ;

PARTIAL AMPUTATION OF THE THIRD AND FOURTH DIGITS THROUGH THE MIDDLE PHALANGES.

PARTIAL AMPUTATION OF THE FIFTH DIGIT THROUGH THE DISTAL PHALANX. COMMINUTED FRACTURE DEFORMITY OF THE DISTAL ASPECT OF THE SECOND AND PROXIMAL PHALANX

FRACTURE DEFECT INVOLVING THE CORTEX OF THE FIRST PROXIMAL PHALANX.

ASSOCIATED CIRCUMFERENTIAL WRIST AND HAND SOFT TISSUE EDEMA;

INABILITY TO USE LEFT HAND;

PAINFUL SENSATION IN ATTACHED FINGERS;

ADJUSTMENT DISORDER AND DEPRESSION;

All of the foregoing injuries caused severe swelling, pain, stiffness, tenderness, weakness, discomfort and restriction and limitation of motion.

The foregoing injuries directly affected the skin, bones, tissues, nerves, blood vessels and joints of the injured parts, produced functional and organic disturbances and symptomatic and radiating pains to and about the adjacent and surrounding areas and restriction and limitation of motion of the affected parts of his body. The plaintiff suffers and continues to suffer pain, discomfort and disability and all the natural and probable consequences of the injuries set forth herein, including psychological overlay and anxiety.

All of these injuries resulted in extreme pain, tenderness and discomfort. Upon information and belief, it is believed that the injuries so sustained have weakened those parts of the body and have rendered them more susceptible to future trauma.

As a result of the above injuries, plaintiff suffers pain and tenderness, weakness, loss of function, loss of strength, limitation and restriction of motion, and pain on motion. Plaintiff was caused to suffer and continues to suffer severe anxiety and severe concern over possible development of further complications due to the injuries.

Upon information and belief, these injuries aggravated, activated, and/or precipitated any underlying, hypertrophic, degenerative arthritic, circulatory, arterial, venous, and/or systemic condition, which were asymptomatic prior to the accident complained of and/or aggravated and exacerbated pre-existing conditions.

All of the aforementioned injuries, manifestations, resulting, disabilities, and involvements are associated with further soft tissue injury to the areas traumatically affected, including injury, tearing, derangement, and damage to the associated blood vessels, and blood supply, nerves and nerve tissue, epithelial tissue, all concomitant to the special injuries and related to  many portions mentioned hereinabove, with resultant pain, deformity, and disability, stiffness, tenderness, weakness, and partial restriction and limitation of motion and pain on motion and possible loss of the use of the above mentioned parts, atrophy, anxiety, and mental anguish and all have substantially prevented the plaintiff from enjoying the normal fruits of activities (social, educational, and economic).

Plaintiffs enjoyment of life has been permanently impaired, impeded and reduced. Plaintiff sustained a shock to the body and nervous system.

Upon information and belief, these injuries and their sequelae are permanent, chronic and lasting in their nature and character with permanent effects of pain, loss of use, loss of motion, disability, loss of proper use, atrophy , pain, anxiety, embarrassment, and mental anguish.

Plaintiff reserves the right to prove any and all further consequences arising out of the said injuries up to and at the time of the trial.  Upon information and belief, the aforementioned injuries are permanent except those stated as being superficial in nature.

28.     Plaintiff was/is unable to perform normal activities and duties from the date of the accident until present and continuing.

Dated: Garden City, NY
        December 28, 2016

                                    Yours, etc.



                                    JOSEPH G. DELL
                                    DELL & DEAN, PLLC
                                    Attorneys for Plaintiff(s)
                                    Ignatios
                                    1225 Franklin Avenue
                                    Garden City, NY 11530
                                    (516) 880-9700
                                    Our File # 00691


TO:     RILEY SAFER HOLMES & CANCILA LLP
        Attorneys for Defendant
        85 Broad Street
        New York, NY  10004
        (212) 660-1000

## ATTORNEY VERIFICATION

JOSEPH G. DELL, managing member and President of DELL & DEAN, PLLC, the attorneys for the plaintiffs in the within action;

I have read the foregoing Verified Bill of Particulars and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

The reason I make this verification instead of the plaintiff is that plaintiff is not present in the county in which your affirmant's office is located;

The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.


Dated: Garden City, New York
       December 28, 2016

JOSEPH G. DELL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,            Index No: 704139/2016

                                    Plaintiffs,

- against –

POWERMATIC,

                                    Defendant.
-----------------------------------------------------------------------X

## VERIFIED BILL OF PARTICULARS

### DELL & DEAN, PLLC
*Attorneys for Plaintiff*
**1225 Franklin Avenue, Suite 450
Garden City, NY 11530
Telephone: (516) 880-9700
Facsimile: (516) 880-9707**

Case 1:17-cv-00143-MKB-ST   Document 1-3   Filed 03/25AM   Page 40 of 55 PageID #: 66

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

IGNANTIOS MASTELLOS and ERATO
MASTELLOS,

                        Plaintiffs,

- against –

POWERMATIC,

                        Defendant.
-------------------------------------------------------------------X

**REQUEST FOR
PRELIMINARY
CONFERENCE**

Index No.: 704139/2016

The undersigned requests a Preliminary Conference.

The nature of the action is PERSONAL INJURY.

The names, addresses and telephone numbers of all attorneys appearing in the action are as follows:

DELL & DEAN, PLLC
Attorneys for Plaintiff(s)
Ignatios Mastellos
1225 Franklin Avenue
Garden City, NY 11530
(516) 880-9700

Riley Safer Holmes & Cancila LLP
Attorney for Defendant(s)
Powermatic
85 Broad Street
New York, NY 10004
(212) 660-1000

Dated:  NY, NEW YORK
         December 28, 2016

                         Yours, etc.

                         Joseph G. Dell
                         DELL & DEAN, PLLC
                         Attorneys for Plaintiff(s)
                         Ignatios Mastellos
                         1225 Franklin Avenue
                         Garden City, NY 11530
                         (516) 880-9700
                         Our File No.:  00892

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,      Index No: 704139/2016

                              Plaintiffs,

- against –

POWERMATIC,
                              Defendant.
---------------------------------------------------------------------X

## REQUEST FOR PRELIMINARY CONFERENCE

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
**1225 Franklin Avenue, Suite 450**
**Garden City, NY 11530**
**Telephone: (516) 880-9700**
**Facsimile: (516) 880-9707**

FILED: QUEENS COUNTY CLERK 12/30/2016 11:32 AM INDEX NO. 704139/2016

NYSCEF DOC. NO. 1 Case 1:17-cv-00415-MKB-ST Document 1-3 Filed 01/25/17 Page 42 of 55 PageID #: 68 RECEIVED NYSCEF: 12/30/2016

# REQUEST FOR JUDICIAL

UCS-840 (7/2012)

## Queens Supreme COURT, COUNTY OF Queens

**Index**   **704139/2016**   **Date Index**   **04/07/2016**

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| | |
| | Judge Assigned |
| | |
| | RJI Date |

**CAPTION**  Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Ignantios Mastellos, Erato Mastellos

**Plaintiff(s)**

-against-

Powermatic

**Defendant(s)/Respondent**

## NATURE OF ACTION OR

Check ONE box only and specify where

### MATRIMONIAL

- ☐ Contested

  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial

### TORTS

- ☐ Asbestos
- ☐ Breast
- ☐ Environment
- ☐ Medical, Dental, or Podiatric
- ☐ Motor
- ☒ Products   table saw
- ☐ Other
- ☐ Other Professional
- ☐ Other

### COMMERCIAL

- ☐ Business Entity (including corporations, partnerships, LLCs, etc.)
- ☐ Contract
- ☐ Insurance (where insurer is a party, except
- ☐ UCC (including sales, negotiable instruments)
- ☐ Other

  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(D)], complete and attach the **COMMERCIAL DIV RJI**

### REAL PROPERTY:  How many properties does the application

- ☐ Condemnation
- ☐ Mortgage Foreclosure:  ☐ Residential   ☐ Commercial
  Property
  **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI**
- ☐ Tax Certiorari -   Block   Lot
- ☐ Tax
- ☐ Other Real

### OTHER MATTERS

- ☐ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ☐ Emergency Medical
- ☐ Habeas Corpus
- ☐ Local Court
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation
- ☐ Sale or Finance of Religious/Not-for-Profit
- ☐ Other

### SPECIAL PROCEEDINGS

- ☐ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ☐ CPLR Article 78 (Body or
- ☐ Election Law
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81
- ☐ Other Mental
- ☐ Other Special

## STATUS OF ACTION OR

Answer YES or NO for EVERY question AND enter additional information where

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons w/notice | ☒ | ☐ | If yes, date | 04/07/2016 |
| Has a summons and complaint or summons w/notice been | ☒ | ☐ | If yes, date | 04/28/2016 |
| Is this action/proceeding being filed post- | ☐ | ☒ | If yes, judgment | |

1 of 2

# NATURE OF JUDICIAL

Check ONE box only AND enter additional information where indicated.

- ☐ Infant's
- ☐ Note of Issue and/or Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric      Date Issue Joined:
- ☐ Notice of Motion      Relief Sought:      Return Date:
- ☐ Notice of Petition      Relief Sought:      Return Date:
- ☐ Order to Show Cause      Relief Sought:      Return Date:
- ☐ Other Ex Parte Application      Relief Sought:
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement
- ☐ Writ of Habeas Corpus
- ☐ Other

## RELATED

List any related actions. For Matrimonial actions, include any related criminal and/or Famiy Court cases. If additional space is required, complete and attach the **RJI Addendum**. If

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## PARTIES

For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g., defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Name: Mastellos, Ignantios<br><br>Role(s): Plaintiff/Petitioner | JOSEPH DELL, Dell & Dean, PLLC, 1225 Franklin Avenue, Suite 450 Suite 450, Garden City, NY 11530, (516) 880-9700, JDell@D2TrialLaw.com | YES | |
| ☐ | Name: Mastellos, Erato<br><br>Role(s): Plaintiff/Petitioner | JOSEPH DELL, Dell & Dean, PLLC, 1225 Franklin Avenue, Suite 450 Suite 450, Garden City, NY 11530, (516) 880-9700, JDell@D2TrialLaw.com | YES | |
| ☐ | Name: Powermatic<br><br>Role(s): Defendant/Respondent | JOSHUA LEE, Riley Safer Holmes & Cancila LLP, 70 W Madison St Ste 2900 , Chicago, IL 60602, jlee@rshc-law.com | YES | |
| ☐ | Name:<br><br>Role(s): | | | |
| ☐ | Name:<br><br>Role(s): | | | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

**Dated**      12/30/2016            JOSEPH GERARD DELL

                                                 **SIGNATURE**

           2460459                              JOSEPH GERARD DELL
     **ATTORNEY REGISTRATION**                     **PRINT OR TYPE NAME**

Case 1:17-cv-00415-MKB-ST   Document 1-3   Filed 01/25/17   Page 44 of 55 PageID #: 70

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____

IGNANTIOS MASTELLOS and
ERATO MASTELLOS,

                             **Plaintiffs,**

       -against-

POWERMATIC,

                            **Defendant.**

_____

Index No.: 704139/2016

**JPW INDUSTRIES, INC.'S
RESPONSE TO PLAINTIFF'S
DEMAND FOR BILL OF
PARTICULARS**

JPW Industries, Inc. (improperly named as "Powermatic") ("JPW") responds to

Plaintiff's Demand for Bill of Particulars as follows:

## CULPABLE CONDUCT

1. A statement of each and every act on the part of plaintiff, which constitutes plaintiffs alleged culpable conduct, which defendant contends, was the cause of plaintiff's injuries.

2. State the date of each specific act of culpable conduct by the plaintiff. Set forth the place where each alleged act of culpable conduct occurred. State what damages, if any, sustained by the plaintiff, which were caused or attributed to by reason of plaintiffs alleged culpable conduct.

**ANSWER:**   If JPW manufactured the saw at issue, and if Plaintiff's allegations

are correct, then, at the time, date, and place of Plaintiff's accident, as alleged in

Plaintiff's complaint, Plaintiff was operating the saw in contravention to warnings

and instructions provided by JPW, and Plaintiff should have been aware of the

potential for injury in doing so. Furthermore, Plaintiff alleges that he was injured

when his hand encountered an unguarded table saw blade, the risks of which

should have been apparent to Plaintiff.

1

## DUE CARE

1. A statement of each and every act constituting the due care on the part of plaintiff, which it is alleged plaintiff, was required to use for plaintiffs own safety.

2. Set forth in detail in what respect the alleged failure caused or contributed to these injuries and damages.

3. State the date that each and every act occurred.

**ANSWER:**  If JPW manufactured the saw at issue, and if Plaintiff's allegations are correct, then, at the time, date, and place of Plaintiff's accident, as alleged in Plaintiff's complaint, Plaintiff was operating the saw in contravention to warnings and instructions provided by JPW, and Plaintiff should have been aware of the potential for injury in doing so. Furthermore, Plaintiff alleges that he was injured when his hand encountered an unguarded table saw blade, the risks of which should have been apparent to Plaintiff.

## CONTRIBUTORY NEGLIGENCE

1. State what damages, if any, sustained by the plaintiff, which were caused or attributed to by reason of plaintiffs alleged contributory negligence.

2. State what specific contributory negligence the defendant is claiming that the plaintiff caused, participated in or which contributed to her injury.

3. State the date or dates that each specific act of contributory negligence was committed by the plaintiff (asserting which specific acts or omissions on plaintiff's part caused or contributed to plaintiff's injuries).

**ANSWER:**  If JPW manufactured the saw at issue, and if Plaintiff's allegations are correct, then, at the time, date, and place of Plaintiff's accident, as alleged in Plaintiff's complaint, Plaintiff was operating the saw in contravention to warnings

2

and instructions provided by JPW, and Plaintiff should have been aware of the

potential for injury in doing so. Furthermore, Plaintiff alleges that he was injured

when his hand encountered an unguarded table saw blade, the risks of which

should have been apparent to Plaintiff. Thus, if Plaintiff's claims are correct, the

damages he suffered were caused by his contributory negligence.

## LACK OF JURISDICTION

1. State in what manner or what regard the defendant claims that this Court lacks jurisdiction over his person.

2. The time, date and place where notice of this lawsuit was received.

3. The manner in which it is claimed that the service of process actually effected was defective.

4. Identify Defendant's complete residence address.

5. Identify Defendant's complete mailing address, if different from his residence address.

6. If it is claimed that process was not served in any form whatsoever, set forth a statement describing how notice of this lawsuit was obtained.

**ANSWER:** Plaintiff misunderstands this defense. JPW is not claiming a defect in

service, but a lack of jurisdiction. JPW is a corporation organized under the laws of the

State of Washington, with its principal place of business in the State of Tennessee, and

located at 427 New Sanford Road, LaVergne, Tennessee. Therefore, this court does not

have general jurisdiction over JPW.

The complaint also fails to establish specific jurisdiction over JPW. The serial

number identified in Plaintiff's complaint, **79**56706, reveals that the saw was

manufactured in 1979 by Houdaille's Powermatic-Houdaille Division, not JPW.

3

Therefore, the complaint does not reveal a connection between JPW and the State of New York sufficient to establish specific jurisdiction over JPW.

## COMPARATIVE NEGLIGENCE

1. State what damages, if any, sustained by the plaintiff, which were caused or attributed to by reason of plaintiff's comparative negligence.

2. State what specific comparative negligence the defendant is claiming that the plaintiff caused, participated in or which contributed to plaintiff's injury.

3. State the date or dates that each specific act of comparative negligence was committed by the plaintiff (asserting which specific acts or omissions on plaintiff's part caused or contributed to plaintiff's injuries).

**ANSWER:**   If Plaintiff's allegations are correct, then, at the time, date, and place of Plaintiff's accident, as alleged in Plaintiff's complaint, Plaintiff was operating the saw in contravention to warnings and instructions provided by JPW, and Plaintiff should have been aware of the potential for injury in doing so. Furthermore, Plaintiff alleges that he was injured when his hand encountered an unguarded table saw blade, the risks of which should have been apparent to Plaintiff. Thus, if Plaintiff's claims are correct, the damages he suffered were caused by his contributory negligence.

## SEATBELTS

1. State in what manner it is alleged that the plaintiff failed to use seatbelts.

2. Specify the type of seatbelts it is alleged that plaintiff failed to use.

3. Specify in detail the names and addresses of any witness to the plaintiff's failure to use seatbelts.

4

4. State in what manner the alleged failure to use seatbelts constitutes a failure to mitigate damages.

**ANSWER:** JPW objects to this demand as vague, ambiguous, and irrelevant,

especially because JPW has not asserted this defense.


## INSURANCE LAW (ARTICLE 51)

1. State in complete detail how plaintiffs' sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

2. State in complete detail in what manner the defendants allege that the plaintiff failed to sustain a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York.

3. State in what manner the plaintiff is barred from bringing this action by the provisions of the New York Comprehensive Automobile Insurance Reparations Act.

**ANSWER:** JPW objects to this demand as vague, ambiguous, and irrelevant,

especially because JPW has not asserted this defense.


## ASSUMPTION OF RISK

1. State in full detail what damages and/or injuries sustained by the Plaintiff, which were caused or contributed to, in whole or in part, by the assumption of risk on the part of the Plaintiff.

2. State in full detail what risks and dangers connected with the occurrence at the time and place mentioned which were open, obvious, apparent and known to and assumed by the Plaintiff.

3. In what manner the damages and/or injuries sustained by the plaintiff were contributed to, in whole or in part, by the culpable conduct on the part of the plaintiff.

5

4. State in complete detail the manner the plaintiff is not entitled recover any sums of money for economic loss pursuant to Article 51 of the New York State Insurance.

**ANSWER:**   JPW objects to this demand as vague, ambiguous, and irrelevant, especially because JPW has not asserted a defense under "Article 51 of the New York State Insurance."   Subject to and without waiving its objections, JPW states: If JPW manufactured the saw at issue, and if Plaintiff's allegations are correct, then, at the time, date, and place of Plaintiff's accident, as alleged in Plaintiff's complaint, Plaintiff was operating the saw in contravention to warnings and instructions provided by JPW, and Plaintiff should have been aware of the potential for injury in doing so. Furthermore, Plaintiff alleges that he was injured when his hand encountered an unguarded table saw blade, the risks of which should have been apparent to Plaintiff. Thus, if Plaintiff's claims are correct, the damages he suffered were caused by his contributory negligence and assumption of the risk.

## BARRED BY ARTICLE 51, SECTION 5104

1. State in complete detail how plaintiffs cause of action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

**ANSWER:**   JPW objects to this demand as vague, ambiguous, and irrelevant, especially because JPW has not asserted this defense.

## COLLATERAL SOURCE

1. State in detail any and all collateral sources which the defendant alleges will reduce the verdict, judgment or settlement by the plaintiff, or, in specifically, the amount of money that will, with reasonably certainty, replace or

6

indemnify the plaintiff, in whole or in part, for any past or future claim for economic loss.

**ANSWER:** Plaintiff mischaracterizes this defense.  JPW has not stated that collateral sources payments have been.  JPW has simply put plaintiff on notice that, if such payments have been made, any judgment must be reduced by the amount of the collateral source payments.


**OTHER PARTY CULPABILITY**

1. State in full detail the names and addresses of all other parties or equities whom the defendant alleges are liable by reason of relative culpability.

**ANSWER:**   If the subject saw was manufactured by JPW, and if the allegations in Plaintiff's complaint are correct, Plaintiff's complaint alleges that the saw was modified prior to Plaintiff's accident.  Furthermore, Plaintiff's complaint indicates that, if the subject saw was manufactured by JPW, Plaintiff was operating the saw in contradiction to instructions and warnings supplied by JPW.  Consequently, Plaintiff's complaint alleges that the cause of Plaintiff's accident was the supervening actions of others over whom JPW has no control, and who caused the alleged injuries. Plaintiff does not identify the persons responsible in his complaint; therefore, JPW does not have information sufficient to allow it to identify the persons at issue.


**ACTS OR OMISSIONS OF OTHER PARTIES**

1. State in full detail what damages and/or injuries sustained by the plaintiff, which were caused or contributed to, in whole or in part, by the acts or omissions of persons other than the defendant.

7

2. State in full detail the names and addresses of all other persons who committed these acts and/or omissions.

**ANSWER:**   If the subject saw was manufactured by JPW, and if the allegations in Plaintiff's complaint are correct, Plaintiff's complaint alleges that the saw was modified prior to Plaintiff's accident.  Furthermore, Plaintiff's complaint indicates that, if the subject saw was manufactured by JPW, Plaintiff was operating the saw in contradiction to instructions and warnings supplied by JPW.  Consequently, Plaintiff's complaint alleges that the cause of Plaintiff's accident was the supervening actions of others over whom JPW has no control, and who caused the alleged injuries. Plaintiff does not identify the persons responsible in his complaint; therefore, JPW does not have information sufficient to allow it to identify the persons at issue.


**PRE-EXISTING CONDITION**

1. State in full detail the pre-existing condition, which caused, in whole or in part, the injuries and conditions complained of.

2. State the length of time the pre-existing condition existed.

3. State in full detail the name and address of the person or entity that created the preexisting condition.

**ANSWER:**   JPW objects to this demand as vague, ambiguous, and irrelevant, especially because JPW has not asserted this defense.


**FAILURE TO STATE A CAUSE OF ACTION**

1. State in detail how the plaintiffs Complaint fails to state a cause of action cognizable in law against the defendant.

8

2.  State what element(s), if any, have not been alleged.

**ANSWER:**   If the subject saw was manufactured by JPW, and if the allegations in Plaintiff's complaint are correct, Plaintiff's complaint alleges that the saw was modified prior to Plaintiff's accident.  Furthermore, Plaintiff's complaint indicates that, if the subject saw was manufactured by JPW, Plaintiff was operating the saw in contradiction to instructions and warnings supplied by JPW.  Consequently, Plaintiff's complaint alleges that the cause of Plaintiff's accident was the supervening actions of others over whom JPW has no control, and who caused the alleged injuries. Moreover, Plaintiff's complaint does not identify a saw manufactured or distributed by JPW or for which JPW can be held liable.

## ACTION BARRED BY STATUTE OF LIMITATIONS

1.  The specific statute, section and subsection pursuant to which this defense is asserted.

2.  State in complete detail how it is calculated that this matter is barred by Statute of Limitations.

**ANSWER:**   JPW withdraws this defense, and reserves the right to replead if warranted by discovery in this case.

## ACTION BARRED BY REASON OF FRAUD

1.  State in complete detail the specific acts of fraud by which this action is barred.

2.  State the dates and place of each specific act of the alleged fraud.

**ANSWER:**  JPW objects to this demand as vague, ambiguous, and irrelevant, especially because JPW has not asserted this defense.

## ARTICLE 16

1. State in detail how each defendant is entitled to limitations of liability pursuant to CPLR Article 16.

**ANSWER:**  If JPW manufactured the saw at issue, and if Plaintiff's allegations are correct, then, at the time, date, and place of Plaintiff's accident, as alleged in Plaintiff's complaint, Plaintiff's complaint alleges that the saw was modified prior to Plaintiff's accident. Furthermore, if Plaintiff's claims are correct, and if JPW manufactured the saw at issue, Plaintiff was operating the saw in contravention to warnings and instructions provided by JPW, and Plaintiff should have been aware of the potential for injury in doing so. Furthermore, Plaintiff alleges that he was injured when his hand encountered an unguarded table saw blade, the risks of which should have been apparent to Plaintiff. Thus, if Plaintiff's claims are correct, the damages he suffered were caused by the supervening acts of others, his contributory negligence, and his assumption of the risk. Thus, JPW's liability, if any, will be less than 50% and JPW is entitled to the protections of CPLR Article 16.

## MITIGATE DAMAGES

1. State in complete detail how it is claimed that the plaintiffs have failed to mitigate damages.

**ANSWER:**  JPW objects to this demand as vague, ambiguous, and irrelevant, especially because JPW has not asserted this defense.

10

DATED:  January 24, 2017

JPW INDUSTRIES, INC.


By:   s/ Joshua D. Lee
                   One of Its Attorneys

Joshua D. Lee
Eliberty Lopez
RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000

11

## ATTORNEY VERIFICATION

Joshua Lee, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true:

I am an attorney at Riley Safer Holmes & Cancila LLP, counsel for the Defendant JPW Industries, Inc.  I have reviewed the foregoing **RESPONSE TO PLAINTIFF'S DEMANDS FOR BILL OF PARTICULARS**, and know the contents thereof.  The statements made in the Response are true to my knowledge, except for those matters which are stated to be alleged on information or belief, and as to those matters, I believe them to be true.  My belief as to those matters not alleged based on knowledge is based upon facts, records, and/or other pertinent information contained in my files.

This verification is made by me, because JPW Industries, Inc. is not located in the county where I maintain my offices.


Dated:  January 24, 2017


s/ Joshua D. Lee
_____
Joshua D. Lee

RILEY SAFER HOLMES & CANCILA LLP
1330 Avenue of the Americas, 6th Floor
New York, New York 10019
(212) 660-1000

4822-9455-5456, v. 1