

<div style="text-align: right;">
**Joshua D. Lee**
312.471.8788
jlee@rshc-law.com
</div>

January 8, 2018

**VIA ECF**

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: **Mastellos v. JPW Industries, Inc.**
       **Case No.: 1:17-cv-00415-MKB-ST**
       **Request for Pre-Motion Conference**

Dear Judge Brodie:

  JPW Industries, Inc. ("JPW") requests a pre-motion conference prior to filing a motion to dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The bases for the anticipated motion are as follows:

1. This case has been pending for some time, first in state court, then in the Eastern District of New York after JPW removed the case.

2. Both in the state court and again in this Court, JPW produced evidence that it did not manufacture or sell the table saw at issue in this case. Instead, the saw was manufactured by a company named Powermatic-Houdaille, for which a company named DeVlieg-Bullard holds the liabilities.

3. On July 24, 2017, this Court gave Plaintiffs leave to file an amended complaint adding DeVlieg-Bullard as a defendant. [Dkt. No. 18]

4. On August 14, 2017, Plaintiffs filed an amended complaint that named DeVlieg-Bullard, but did not name JPW. [Dkt. No. 19]

5. On August 29, 2017, Plaintiffs filed a motion seeking leave to file a second amended complaint. [Dkt. No. 20]

6. On September 8, 2017, in response to an order from Magistrate Judge Tiscione, JPW filed an objection to Plaintiffs' motion for leave to file a second amended complaint. Among the reasons for JPW's objection was that Plaintiffs' proposed second amended complaint did not allege any basis for liability against JPW. As a result, Plaintiffs did not demonstrate good cause for further amendment. [Dkt. 21,

Case 1:17-cv-00415-MKB-ST   Document 26   Filed 01/09/18   Page 2 of 3 PageID #: 182



Hon. Margo K. Brodie
January 8, 2018
Page 2 of 3

    citing *Peralta v. WMH Tool Group, Inc.*, No. CV 04 3826 CPS, 2005 WL 2002454 (E.D.N.Y. August 19, 2005) (granting summary judgment in favor of JPW on the issue of successor liability)

7. On October 10, 2017, Magistrate Judge Tiscione held a conference to consider whether the Court should grant Plaintiffs' motion for leave to file a second amended complaint.

8. At the conference, Plaintiffs' counsel acknowledged that they had no evidence that JPW manufactured the saw at issue:

   > THE COURT: But JBI didn't -- JPW didn't manufacture the saw, correct?
   >
   > MR. TEIXEIRA: From what we can tell, our saw was manufactured in 1979. I do not believe that JPW manufactured it. I believe it was a Powermatic saw.
   >
   > (Tr. 10/10/17 Hearing at 9:13-18.)

9. The Court then instructed Plaintiffs' counsel that any amended complaint naming JPW must allege a basis for successor liability:

   > THE COURT: But here's my problem: Your complaint specifically says JPW manufactured the saw and made representations about the saw and all of this other stuff. What is your factual basis for making that statement, because it seems to be not true. You may have an argument for successor liability but you don't articulate that at all in the complaint as the basis for why you're holding JPW responsible.
   >
   > MR. TEIXEIRA: Certainly, Judge. The only thing I could say to that is at this point, we would only ask for the indulgence of being able to file a second complaint. If we could, I'm happy to withdraw the proposed complaint that was attached to the filing from 8/29 and refile a better pled complaint, in keeping with federal policy, to articulate these issues a little more clearly.
   >
   > …
   >
   > THE COURT: I do agree with you that as pled, the complaint doesn't properly state a claim for liability against JPW. I think you

Case 1:17-cv-00415-MKB-ST   Document 26   Filed 01/09/18   Page 3 of 3 PageID #: 183



Hon. Margo K. Brodie
January 8, 2018
Page 3 of 3

>need to revise the amended complaint to assert what your actual basis for liability is. Explain whatever basis you have for believing they have successor liability, but it's not accurate to say that they manufactured the saw when you know that they didn't.
>
>MR. TEIXEIRA: Understood, Judge.
>
>(Tr. 10/10/17 Hearing at 10:5-20; 14:10-18.)

10. Plaintiffs' Second Amended Complaint does not remedy the deficiencies identified by the court. Except for adding the name JPW Industries to the allegations, it appears to be identical to the Amended Complaint the Court found wanting.

11. Because Plaintiffs have not articulated any basis for successor liability against JPW, as directed by the Court, their Second Amended Complaint should be dismissed. Fed. R. Civ. Proc. 12(b)(6).

    Respectfully,

    s/ Joshua D. Lee

    Joshua D. Lee
4832-5598-8314, v. 1