```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IGNANTIOS MASTELLOS and ERATO MASTELLOS,
                                                                    Docket No.: 17-cv-00415
                             Plaintiffs,                                         (MKB)(ST)

- against -

JPW INDUSTRIES, INC., and
DEVLIEG-BULLARD, INC.,

                             Defendants.
------------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINTT**

Plaintiffs, IGNATIOS MASTELLOS AND ERATO MASTELLOS (hereinafter "Plaintiffs"), by their attorneys DELL & DEAN, PLLC., pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, submit this Memorandum in Opposition of Defendant, JPW INDUSTRIES, INC.'s (hereinafter "Defendant JPW") Motion to Dismiss Plaintiffs' Second Amended Verified Complaint.

### I.     PRELIMINARY STATEMENT

Plaintiff, Ignatios Mastellos was seriously injured while working with a Powermatic Table Saw, Model No. 66, Serial No. 7956706 on October 16, 2013. Plaintiff at the time of said use was lawfully present at his place of employment. The saw was manufactured by Powermatic, a company to which Defendant JPW Industries, Inc., ultimately acquired. On August 29, 2017, Plaintiffs amended their Complaint to include Defendant DEVLIEG-BULLARD, INC., (hereinafter "Defendant DeVlieg") whom Defendant JPW was adamant should be named in the within pleadings. However, the Second Amended Complaint mistakenly did not claim successor liability against JPW. Plaintiffs are moving to amend the Second Amended Complaint, as

successor liability is applicable in this instant case. The attorneys who had previously been assigned to this matter have left Plaintiff's counsel's firm. Mistakenly, the information elicited during court conferences was not forwarded on to the new handling attorneys. Therefore, Plaintiffs, submit this Memorandum of Law pursuant to Federal Rules of Civil Procedure 15 and 21 in support of an Order permitting Plaintiffs to serve an amended complaint adding successor liability to the claim. A copy of the proposed Third Amended Complaint is annexed hereto as **Exhibit "A."**

## II.    PROCEDURAL HISTORY

Plaintiffs commenced this action on April 7, 2016 by filing the original Summons and Complaint with the Clerk of the Supreme Court of State of New York, County of Queens. On January 25, 2017, this case was removed to Federal Court. On July 13, 2017 Plaintiff filed for an Extension of Time to Complete Discovery with Federal District Court the Eastern District of New York.

On August 14, 2017, Plaintiffs filed an erroneous Amended Complaint against Powermatic, and Devlieg-Bullard, Inc. Counsel for Plaintiff failed to change "Powermatic" to Defendant JPW and had to file a Motion for Leave to file a Second Amended Complaint. On October 10, 2017, Plaintiff's Motion for Leave to File a Second Amended Complaint was granted, in which the Plaintiff was directed to file the Second Amended Complaint by November 6, 2017. On November 6, 2017, Plaintiffs filed a Second Amended Complaint against DeVlieg-Bullard, Inc., and JPW Industries, Inc. However, in the Second Amended Complaint, and because the matter had since been reassigned to a new attorney, Plaintiffs mistakenly left out information pertaining to successor liability.

Plaintiffs believe though this to be an inconvenience it was not done in bad faith and will not prejudice Defendant(s) to allow for a final amendment.

### III.   STATEMENT OF FACTS

This action arises out of an incident in which Mr. Mastellos, severed his fingers on a Powermatic Table Saw, model number: 66, serial number: 7956906, while working at CAS Custom Kitchens Inc., 26-35 1st Street, Long Island City, New York.

Defendants, their agents, servants, employees and/or assigns were negligent, careless and/or reckless in the design, creation, manufacture, assembly, testing, inspection, production, sales distribution and selling of the aforesaid table saw. Defendants were responsible for inspecting, maintaining and/or repairing the subject product.

Defendants' negligence, careless and/or recklessness caused Plaintiff Ignatios Mastellos to sustain serious, permanent injuries.

### IV.   ARGUMENT

#### STANDARD OF REVIEW

Fed. R. Civ. P. 8 requires not a specific quantity of facts, but simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007); West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). "Specific facts are not necessary," and a complaint need only give the defendant fair notice of the claims and grounds upon which they rest. Erickson, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (per curiam); Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 841 (9th Cir. 2007); Twombly, 550 U.S. at 555, 127 S. Ct. at 1965 (detailed factual allegations are not required); See also Ashcroft v. Iqbal, 556, U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Moreover, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are generally disfavored and only in extreme circumstances should they be granted. *See, e.g.,* Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 746, 96 S. Ct. 1848, 1853 (1976); Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). In ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences from those allegations, construing the complaint liberally in the light most favorable to the Plaintiff. Menkes v. Prudential Ins. Co. of America, 762 F.3d 285, 290 (3d Cir. 2014); Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).

Here, paragraph twenty-one (21) of Plaintiff's Second Amended Verified Complaint clearly and plainly states in pertinent part,

> "That the carelessness and recklessness of the Defendants **JPW INDUSTRIES, INC., and DE-VLIEG BULLARD, INC.,** in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid Powermatic table saw, Model No. 66, Serial No. 7956706 which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; and Defendants **JPW INDUSTRIES, INC., and DE-VLIEG BULLARD, INC.,** were otherwise negligent in the operation, supervision and maintenance of said device.

Based on such language at the outset of the case, Defendant is provided fair notice of Plaintiffs' claims and grounds upon which such claims rest. In fact, Plaintiff's claims do not solely rest with the manufacturer.

Defendants' motion to dismiss invokes the Supreme Court holdings in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009). Contrary to Defendant's notation that these decisions require a plaintiff to specify particular facts in a complaint, the Second Circuit has held that <u>Twombly</u> and <u>Iqbal</u> do not require fact specificity beyond that imposed by Federal Rule of Civil Procedure 8(a).

In an action concerning internet music piracy, the Second Circuit offered its view that <u>Twombly</u> and <u>Iqbal</u> do not elevate the level of factual content required at the pleadings stage. "First, the notion that <u>Twombly</u> imposed a heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8... is belied by the <u>Twombly</u> opinion itself" <u>Arista Records LLC v. Doe 3</u>, 604 F.3d 110 (2d Cir. 2010), *quoting* <u>Twombly,</u> 550 U.S. at 555. "The Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure 'requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the... claim is and the grounds upon which it rests[.]" *Id. (emphasis added; ellipses in original)* (*quoting* Fed. R. Civ. P. 8). Therefore, while other Circuit Courts may have interpreted *Twombly* and *Iqbal* as requiring some form of heightened pleading threshold, the Second Circuit has held fast to Rule 8 pleading standards.

*Arista* goes on to discuss the oft-cited *Twombly* passages clarifying that the "plausibility" standard "does not impose a probability requirement at the pleadings stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." <u>Arista</u>, 604 F.3d at 120, *quoting* <u>Twombly</u> 550 U.S. at 556. Finally, the Court added: "'Here,' the Twombly Court stated, 'we do not require heightened fact pleading of specifics, but only enough

facts to state a claim to relief that is plausible on its face.' Arista, 604 F.3d at 120, *quoting* Twombly 550 U.S. at 570.

**DEFENDANT JPW IS LIABLE UNDER SUCCESSOR LIABILITY**

The Court of Appeals has said, "It is the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor. There are exceptions. A corporation may be held liable for the torts of its predecessor if (1) it expressly *or impliedly* assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." Schumacher v. Richards Shear Co., 59 NY2d 239, 244-245 (NY 1983) (Emphasis Supplied).

In Kaur v. American Tr. Ins. Co., 86 AD3d 455, 457-458 (1st Dept 2011), the First Department articulated the relevant legal factors in the 'mere continuation' analysis "Generally, a corporation that acquires the assets of another is not liable for the torts of its predecessor. However, an acquiring corporation may be liable as a successor if it is a 'mere continuation' of the predecessor corporation. *Such liability is imposed because a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased.* The analysis for 'mere continuation' should be flexible and ask whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor. Relevant factors include transfer of management, personnel, physical location, good will and general business operation." *(Emphasis Supplied.)*

As the First Department stated in Kaur, sited above, successor liability is appropriate and "imposed because a successor that effectively takes over a company in its entirety should carry

the predecessor's liabilities as a *concomitant to the benefits it derives from the good will purchased*." In effect, the reason why successor liability exists is because it is fair and just that if a successor company attempts to usurp economic benefits from a predecessor's good-will from a name-brand, then it also must accept the liabilities as well. Defendants cannot– with any sincerity— argue that JPW did not intend to derive benefits from the Powermatic name.

Although it is true that once this litigation commenced, Defendant JPW has in litigation papers claimed that JPW assumed no liabilities of Powermatic, yet it is as equally true that Defendants have not produced a shred of pre-litigation documentation that reflects such an argument has any legitimate factual foundation outside of the bankruptcy papers for Defendant DeVlieg-Bullard.

To summarize, Powermatic and JPW produced the same products (woodworking equipment); utilized the same or similar design of that very same product; utilized the same legendary Powermatic brand-name (as found on JPW's website); utilize the same business address (as evidenced by the Affidavit of Service). Such facts create, at the least, a question of fact regarding whether Defendant JPW was a continuation of Powermatic, and thus liable for Powermatic's liabilities and negligent design of the table saw that unexplainably and unexpectedly severely injured Plaintiff while he was using it.

Defendants' moving papers intentionally ignore the 'successor liability' issue. Instead, Counsel memorializes Your Honor's statements regarding the question of fact that exists as to successor liability in the within matter.

In the case at bar, no evidence was presented by defendants regarding why it could deemed that JPW Industries was not a successor of Powermatic and therefore liable.

Plaintiffs would respectfully submit the question of successor liability is enough to deny Defendant's motion, allow Plaintiff to amend and allow for this matter to proceed with discovery.

**THE COURT SHOULD PERMIT THE PLAINTIFFS TO AMEND AS PLAINTIFFS SOUGHT TO AMEND WITHOUT UNDUE DELAY, BAD FAITH, PREJUDICE OR FUTILITY.**

All of Plaintiff Ignatios Mastellos' injuries were a direct and proximate result of the defect of Defendant's product (whether manufactured and/or acquired), as well as Defendant's breach of duty. Plaintiff was using Defendant's product, which was without any warnings, when said product malfunctioned causing Plaintiff Decedent to suffer severe bodily injuries in that the device did not have the proper safety guards. Plaintiffs' Second Amended Verified Complaint clearly states that, "Plaintiff proceeded to use said product in accordance with its intended use and while using the product in accordance with its intended use was caused to suffer and sustain severe bodily injuries."

There is potentially a plethora of evidence to be ascertained that supports Plaintiff's Second Amended Verified Complaint. Such evidence should be subjected to discovery, not dismissal, as there exists genuine issues requiring discovery, ones that can and should lead to this matter ultimately being decided by a jury. If nothing else, Plaintiffs would arguably be prejudiced by granting this Motion to Dismiss Plaintiffs' Second Amended Verified Complaint. Plaintiffs thereby respectfully submit that leave to amend should be granted, and that the Proposed Third Amended Verified Complaint, annexed hereto as **Exhibit "A"**, be accepted.

Leave to further amend is appropriate in this case. In Reed v. Pfizer, Inc., 839 F. Supp 2d 571 (E.D.N.Y. 2012). In Reed, the Court ultimately granted the Plaintiffs leave to amend the complaint. Of note, plaintiff in *Reed* had already attempted to, and failed to overcome the

inadequacies in the pleadings. *See*, Reed, 839 F.Supp2d 571 (EDNY 2012). The Court stated that Plaintiffs "may yet be able to plausibly re-plead at least some of their claims." *Id*. at 580. The Court cited to the high value to be placed on resolving cases and controversies on the merits rather than procedural deficiencies. Id.

Similarly, should this Court find Plaintiff's Second Amended Complaint to be deficient, the Court should grant leave to amend to cure the complaint, rather than deny Plaintiffs' day in court. Should the Court be inclined to grant that leave, Plaintiffs have, as noted above, attached a proposed Third Amended Complaint as **Exhibit "A"**.

In addition, Morrison v. Hoffman-LaRoche, Inc., 2016 WL 5678547, (E.D.N.Y. September 29, 2011) for their claim that Plaintiffs' amended pleading should be dismissed with prejudice at this stage. In Morrison, the court dismissed plaintiffs claim with prejudice after plaintiff had already settled the matter with the first named defendant, who was the actual manufacturers and purveyors of the drug. The Court found limited utility in maintaining the action against the second defendant because the only connection was a licensing agreement.

Of course, this is highly distinguishable from our instant action. Plaintiff has had no relief of the sort that the Plaintiff in Morrison, who settled out of Court, was afforded. Accordingly, the Morrison case is misleading in that leave to amend was not granted for reasons of separate Defendants who had reached a settlement, not bad faith or undue delay on the part of the Plaintiff. Importantly, the Court noted that the thirteen month delay was not in bad faith, and warranted the denial of leave to amend. Here, Plaintiff is about five (5) months out from the filing of the Second Amended Complaint and has not indulged in any bad faith for its delay and/ or mistakes in the Second Amended Complaint. Defendants have faced no prejudice in that time.

The court should freely give leave when justice so requires." When adding additional parties, Federal Rule 21 applies. *See* Toliver v. City of N.Y., 2011 U.S. Dist. LEXIS 120899, at *19 (S.D.N.Y. Sep. 15, 2011). Pursuant to Federal Rule 21, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The same liberal standard to amend under Rule 15 applies to Rule 21. "Thus, joinder will be permitted absent undue delay, bad faith, prejudice, or futility. Joinder may be denied as futile if the proposed pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Toliver, 2011 U.S. Dist. LEXIS 120899, at *20.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nonetheless, leave to amend may properly be denied for, *inter alia*, bad faith or "undue prejudice to the opposing party by virtue of allowance of the amendment[.]" Ruotolo v City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (*citing* Foman v Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *See Also* City of New York v Group Health Inc., 649 F.3d 151, 157 (2d Cir. 2011) ("The rule in our circuit is to allow a party to amend its complaint unless the non-movant demonstrates prejudice or bad faith."); AEP Energy Servs. Gas Holding Co. v Bank of America, N.A., 626 F.3d 699, 725 (2d Cir. 2010) (holding that leave to amend may be denied upon a showing by the non-moving party of prejudice or bad faith); SCS Communs., Inc. v Herrick Co.., 360 F.3d 329, 345 (2d Cir. 2004) ("'[U]nder Fed. R. Civ. P. 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." (emphasis in original)). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." AEP Energy, 626 F.3d at 725-26 (quotations

and citation omitted); see also Group Health, 649 F.3d at 157 (2d Cir. 2011) (accord); Ruotolo, 514 F.3d at 192 (accord).

The application is not in bad faith as JPW is aware of Plaintiff's potential claim of successor liability, since the Court conference dated October 6, 2017. In fact, Defendant's entire Motion is memorializing the Court's understanding that Plaintiffs' claims are likely more akin to successor liability.

Specifically, the claim does not add additional facts not previously alleged. Instead it adds a claim, one which defendant has been aware of, against JPW. Furthermore, the causes of action are not futile.

In Islamic Soc'y of Fire Dep't Pers. v City of New York, 205 F. Supp. 2d 75, 2002 U.S. Dist. LEXIS 10699**, at *80 (E.D.N.Y. June 11, 2002), where in determining whether leave to amend should be granted, the Court considers the futility of the purposed amendment. The Court reasoned, that an amendment to a pleading will be futile is the proposed claim could not withstand a motion to dismiss to Rule 12 (b) (6). Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (*citing* Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)). Here, the claim against JPW would survive a motion for summary judgment, as there is a viable claim against JPW through successor liability. In Defendants present motion, Defendants do not present evidence against successor liability claim.

In Blakeslee v. Clinton Cty., 336 F. App'x 248, 250 (3d Cir. 2009), the court affirmed denial of the motion to amend as the plaintiff had 10 months of extensive discovery, including various depositions. In present litigation, Defendant has not provided any discovery. Do date, an Answer has not been submitted on behalf of Defendant DeVlieg-Bullard, to which a default will

likely be necessary. Accordingly, Plaintiffs have not unduly delayed in seeking permission to amend the Complaint.

The attorneys who were once assigned to this matter have since left the firm. Mr. Michael O'Malley and Charles David Teixera no longer are employed by Dell & Dean, PLLC., and frankly, cannot attest to what may or may not have been said while in Court about the pleadings.

The undersigned can admit that it was not brought to our firm's attention that the Court had requested the Amended Complaint contain allegations of successor liability.

However, since Defendant has now pointed out that the Court has agreed there is successor liability it would seem more than prejudicial to dismiss Plaintiffs' Complaint.

This is merely a case of law office failure in not including allegations of successor liability. Regardless of whether the product was manufactured by JPW Industries, or not, that doesn't alleviate them from liability for the injuries sustained by Plaintiff.

Therefore, it is respectfully submitted that Plaintiffs have not engaged in bad faith, have a meritorious action against JPW Industries under successor liability and should be granted leave to file the Proposed Third Amended Complaint. Further Plaintiffs respectfully submit that without any discovery to refute Plaintiffs' allegations, Defendant's Motion to Dismiss is premature and should be denied in its entirety.

### V.     CONCLUSION

For the reasons set forth herein, Plaintiff respectfully submits that Defendant, JPW's Motion to Dismiss Plaintiff' Second Amended Verified Complaint should be denied in its entirety. In the event the Court finds tht any of Plaintiffs' claims are deficient in some manner, Plaintiff requests leave of the Court to amend any such allegations or claims.

**WHEREFORE**, Plaintiffs respectfully request that the Court: (1) deny Defendants' Motion to Dismiss the Second Amended Complaint and (2) for further such relief the Court deems just and proper.

Dated: Garden City, New York
April 26, 2018

Yours, etc.

DELL & DEAN, PLLC

_____
Joseph G. Dell (JD-7315)
Kristen N. Sinnott, Esq. (KS-7707)
1225 Franklin Avenue
Suite 450
Garden City, New York 11530
Phone: (516) 880-9700
Facsimile: (516) 880-9707