UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

IGNATIOS MASTELLOS and ERATO
MASTELLOS,

                        Plaintiffs,

                v.

DEVLIEG-BULLARD, INC.,

                        Defendant.

----------------------------------------------------------------

**MEMORANDUM & ORDER**
17-CV-415 (MKB) (ST)

MARGO K. BRODIE, United States District Judge:

Plaintiffs Ignatios Mastellos ("Ignatios")[1] and Erato Mastellos ("Erato"), commenced the above captioned action against Powermatic on April 7, 2016 in the Supreme Court of the State of New York, Queens County. (Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.) On January 25, 2017, JPW Industries, Inc. ("JPW"), declared itself the properly named defendant and removed the action to federal court based on diversity jurisdiction, 28 U.S.C. § 1332.[2] (Notice of Removal ¶¶ 2, 8–10, Docket Entry No. 1.) On August 14, 2017, Plaintiffs

---

[1] Consistent with the spelling in the case caption, the Court will use the spelling "Ignatios" but notes that in Plaintiffs' submissions the name is sometimes spelled "Ignantios." (Fifth Amended Complaint ¶¶ 11, 13, Docket Entry No. 117.)

[2] Plaintiffs substituted JPW for Powermatic on November 6, 2017 in its Second Amended Complaint. (Second Am. Compl., Docket Entry No. 23.) After several years of litigation, in a Memorandum and Order dated September 9, 2023, the Court granted JPW's summary judgment motion and dismissed all claims against JPW. (Mem. & Order dated Sep. 9, 2023, Docket Entry No. 114.)

filed an Amended Complaint and added Devlieg-Bullard, Inc. as a Defendant.[3] (Am. Compl., Docket Entry No. 19.)

On December 11, 2023, Plaintiffs filed a Fifth Amended Complaint ("FAC") against Defendant. (FAC.) In the FAC, Plaintiffs assert claims for breach of implied warranties, negligence, and loss of consortium. (*Id.*) Defendant failed to respond and on July 10, 2024, Plaintiffs sought a notice of default from the Clerk of Court. (Pls.' Req. for Certificate of Default, Docket Entry No. 122.) On July 18, 2024, the Clerk of Court noticed default. (Clerk's Entry of Default, Docket Entry No. 124.)

On November 5, 2024, Plaintiffs moved for default judgment, (Pls.' Mot. for Default J., Docket Entry No. 126), and on November 6, 2024, the Court referred Plaintiffs' motion for default judgment to Magistrate Judge Steven Tiscione for a report and recommendation, (Order dated Nov. 6, 2024). On April 9, 2025, Judge Tiscione recommended the Court deny Plaintiffs' default judgment motion for noncompliance with Local Rules 55.2 and 7.1, (Report and Recommendation dated Apr. 9, 2025, Docket Entry No. 127), which the Court adopted on July 14, 2025, (Order Adopting Report and Recommendation dated July 14, 2025).

On July 2, 2025, Plaintiffs renewed their motion for default judgment against Defendant, (Pls.' Renewed Mot. for Default J., Docket Entry No. 128), and on July 14, 2025, the Court referred Plaintiffs' motion for default judgment to Judge Tiscione, (Order dated July 14, 2025). By report and recommendation dated February 13, 2026, Judge Tiscione recommended that the Court grant Plaintiffs' motion for default judgment for all three claims, but deferred ruling on the amount of damages following the completion of the scheduled inquest hearing, set for April 21,

---

[3] During Plaintiffs' litigation with JPW, Defendant did not appear or respond. (Mem. & Order dated Sep. 9, 2023 2 n.1.)

2026 (the "R&R").  (R&R 13, Docket Entry No. 129.)  For the reasons discussed below, the Court adopts the R&R and grants Plaintiffs' motion for default judgement.

## I. Background

### a. Factual background

In 1979, Powermatic-Houdaille, Inc. ("Powermatic") manufactured the Powermatic Table Saw, Model 66.  (FAC ¶ 5.)  In 1986, Stanwich Industries bought Powermatic and changed its name to Devlieg-Bullard in 1989.  (*Id.* ¶ 6.)  In 1999, Defendant went bankrupt, and JPW purchased the Powermatic assets from Defendant.  (*Id.* ¶ 9; R&R 2–3.)  On October 16, 2013, Ignatios used the Powermatic saw without a guard, and it "kicked-back" and amputated three of his fingers.[4]  (FAC ¶ 11.)

### b. R&R

In the R&R, Judge Tiscione recommended granting default judgment for Plaintiffs' three causes of action: (1) breach of implied warranties; (2) negligence; and (3) loss of consortium on behalf of Erato.  (R&R 6–12.)

First, Judge Tiscione determined that because Defendant is not the original designer, manufacturer, or distributor of the saw that caused the injury, Plaintiffs necessarily advanced a theory of successor liability.  (*Id.* at 7; FAC ¶ 12.)  Judge Tiscione found that Plaintiffs successfully argued a theory of successor liability because Defendant expressly assumed Powermatic's liabilities based on the underlying purchase agreement.  (R&R 7–8.)  Second, Judge Tiscione found that Plaintiffs plausibly alleged Defendant is liable for breach of implied warranty because "the facts on the record support Plaintiffs' claim that the saw was not reasonably fit for its intended purpose when used in the customary, usual, and reasonably

---

[4]  In the R&R, Judge Tiscione explained the procedural history involving Plaintiffs' action to recover for the injury.  (R&R 2–4.)

foreseeable manners." (*Id.* at 9.)  He found that Plaintiffs sufficiently alleged that the saw could not be effectively used for its intended purpose with the "easily detachable 3-in-1 blade guard," leading Ignatios to remove the blade guard and subsequently be injured.  (*Id.*)  Third, Judge Tiscione found that Plaintiffs sufficiently pled facts to satisfy their negligent design claim of the saw because it did not function properly with the blade guard equipped, a feasible design alternative existed, and the design defect was a substantial factor in causing Ignatios's injury. (*Id.* at 10–11.)  Fourth, Judge Tiscione found that Plaintiffs adequately pled the loss of consortium claim by alleging Erato was deprived of consortium due to Defendant's negligence and breach of warranty.  (*Id.* at 11–12.)  Fifth, while Plaintiffs provided a statement of damages alleging their total damages exceed three million dollars, Judge Tiscione found that Plaintiffs did "not provide[] detailed accounting supporting that number."  (*Id.* at 12.)  Accordingly, Judge Tiscione scheduled an in-person damages inquest hearing for April 21, 2026 and directed Plaintiffs to submit support for their damages claims by April 14, 2026.  (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.

## II.  Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (citing *id.*); *Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen*, 194 F.3d at 405).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d

Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983))))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III. Conclusion

The Court adopts the R&R and grants Plaintiffs' motion for default judgment for the three claims: (1) breach of implied warranties; (2) negligence; and (3) loss of consortium. The

Court defers on ruling on the amount of damages awarded until the scheduled inquest hearing on

April 21, 2026.

Dated:  March 13, 2026
         Brooklyn, New York

                                        SO ORDERED:


                                        _____/s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge